UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SHERRY RAYNOR o/b/o C.M.

        Plaintiff,

        v.                      **REPORT AND RECOMMENDATION**
                                **09-CV-0227 (FJS/VEB)**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,

        Defendant,

## I.   Introduction

Plaintiff Sherry Raynor on behalf of her daughter, C.M., brings this action pursuant to the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g), 1383(c)(3), seeking review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for child's Supplemental Security Income ("SSI").[1]

## II.   Background

On July 7, 2006, Plaintiff filed an application for SSI on behalf of C.M. claiming disability since May 24, 1996, because of attention deficit hyperactivity disorder ("ADHD"), learning disabilities, and speech delay (R. at 30, 60-62, 64).[2] Her application was denied initially on September 21, 2006 (R. at 26-30). Plaintiff filed a timely request for a hearing on November 7, 2006 (R. at 33).

On May 28, 2008, Plaintiff, C.M. and a paralegal appeared before the ALJ (R. at 123-49).The ALJ considered the case *de novo* and, on June 23, 2008, issued a decision finding Plaintiff was not disabled (R. at 10-23). The ALJ's decision became the

---

[1] This case was referred to the undersigned for Report and Recommendation, by the Honorable Norman A. Mordue, pursuant 28 U.S.C. § 636(b)(1)(B), by an Order dated December 17, 2009.
[2] Citations to the underlying administrative record are designated as "R."

1

Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review on January 28, 2009 (R. at 3-6). On February 25, 2009, Plaintiff filed this action disputing her disability determination.

Pursuant to General Order No. 18, issued by the Chief District Judge of the Northern District of New York on September 12, 2003, this Court will proceed as if both parties had accompanied their briefs with a motion for judgment on the pleadings.[3]

### III.   Discussion

#### A. Legal Standard and Scope of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383 (c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); see Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).  "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

---

[3] Although no motion for judgment on the pleadings was filed, the moving party was excused from such filing under General Order No. 18, which states in part: "The Magistrate Judge will treat the proceeding as if both parties had accompanied their briefs with a motion for judgment on the pleadings . . . ." General Order No. 18. (N.D.N.Y. Sept. 12, 2003).

Richardson v. Perales, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams ex rel. Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

A child is considered disabled under the Act if she or he has "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §1382c(a)(3)(C)(i). The Commissioner has established the following three-step sequential analysis to determine whether a child is disabled. 20 C.F.R. § 416.924. At the first step, if the Commissioner determines the claimant is "doing substantial gainful activity," the claimant will be found not disabled. 20 C.F.R. § 416.924(a). If the claimant

3

is not engaging in substantial gainful activity, at the second step the Commissioner will determine whether the claimant has a severe medically determinable impairment or combination of impairments. 20 C.F.R. § 416.924(a). The Commissioner will determine at step three whether the claimant's impairment or combination of impairments "meets, medically equals, or functionally equals the listings." 20 C.F.R. § 416.924(a); see also 20 C.F.R. § 416.924(d).

Based on the entire record, the Court recommends remand because the ALJ failed to apply the proper legal standards in determining Plaintiff's credibility and failed to provide a sufficient rationale for his credibility finding.

**B.  Analysis**

**1.    The Commissioner's Decision**

Following the required sequential evaluation, the ALJ found that C.M. was not disabled within the meaning of the Act (R. at 13, 23). At the first step, the ALJ found that C.M. had not engaged in substantial gainful activity (R. at 16). Second, the ALJ found that C.M. had the following severe impairments:  ADHD and learning disabilities (R. at 16). However, the ALJ concluded that C.M.'s impairments did not meet or equal a listed impairment (R. at 17). The ALJ considered the testimony presented at the hearing, but found the statements about the intensity, persistence and limiting effects of claimant's symptoms "not entirely credible" (R. at 18). Finally, at step three, the ALJ found C.M.'s impairments were not functionally equivalent to a listed impairment (R. at 17-23). Specifically, the ALJ found that C.M. had a less than marked limitation in the domains of acquiring and using information, attending and completing tasks, and interacting and relating with others, and no limitation in the domains of moving about and manipulating

objects, caring for herself, and health and physical well-being (R. at 18-23).

### 2. Plaintiff's Claims

Plaintiff argues that (a) the ALJ erred in finding the claimant not entirely credible; and (b) the ALJ's conclusions that C.M. has a less than marked limitation in acquiring and using information and in attending and completing tasks were not supported by substantial evidence. Plaintiff's Brief, pp. 1-6.

### a. The ALJ Erred in Assessing Credibility

Plaintiff argues that the ALJ erred in assessing credibility because he "relied heavily on the fact that the claimant was not on medication" and did "not seem to consider the reasonable explanation" that C.M. experienced side effects on medication. Plaintiff's Brief, pp. 5-6. Defendant argues that the ALJ properly determined credibility. Defendant's Brief, p. 6-7.

The Commissioner has explained that an ALJ "must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide." Social Security Ruling 96-7p, 1996 WL 374186, at *7 (S.S.A.) (hereinafter SSR 96-7p). This requirement applies to treatment by medication as the examples in the Ruling illustrate: "[E]xplanations provided by the individual may provide insight into the individual's credibility. For example . . . [t]he individual may not take prescription medication because the side effects are less tolerable than the symptoms." SSR 96-7p, 1996 WL 374186, at *8; see also Green-Younger v. Barnhart, 335 F.3d 99, 108-09 (2d Cir. 2003) (rejecting the ALJ's reasoning that the Plaintiff was only taking one medication for pain, as simply not a factor undermining Plaintiff's credibility and

noting that the record showed Plaintiff reduced her medications not because her pain lessened but because the medications were ineffective). Thus, under both SSR 96-7p and Second Circuit case law, an ALJ should consider a claimant's explanation for reducing or discontinuing medication.

In this case, the ALJ found C.M. and her mother, Ms. Raynor, "not entirely credible" (R. at 18). Throughout his decision the ALJ frequently referenced C.M.'s lack of medication (R. at 18, 20, 23) (noting six times that C.M. used no medication). For example, in finding the Plaintiff not credible, the ALJ reasoned: "The claimant's mother acknowledged that her daughter receives no medication were [sic] counseling. Although the record documents that the claimant has been diagnosed with [ADHD], no medication is being used. Seemingly, if the claimant's symptoms were significantly disabling, medication would be used in an attempt to improve concentration" (R. at 18).

Having carefully reviewed the record, the Court concludes that in assessing credibility, the ALJ failed to properly consider C.M.'s use of medication and her explanation for discontinuing medication. SSR 96-7p, 1996 WL 374186, at *7-8; Green-Younger, 335 F.3d at 108-09. Although the ALJ's decision implies that C.M. never tried medication for her ADHD symptoms, a report from C.M.'s treating physician shows that she was prescribed both Metadate CD[4] and Adderall XR[5] (R. at 85, 87). The record further shows that C.M. discontinued medication because she experienced unacceptable side effects (R. at 94, 130).[6]

---

[4] Metadate CD is an extended release central nervous system stimulant indicated for use in treating ADHD. Physicians' Desk Reference 3146 (63rd ed. 2009).
[5] Adderall XR is an amphetamine indicated for the treatment of ADHD. Id. at 3012-13.
[6] The Court notes that the ALJ elicited evidence that C.M. had taken medication and stopped because of side effects when he asked Ms. Raynor about medication at the hearing he presided over (R. at 130).

Despite evidence that C.M. tried at least two medications, and despite the proffered explanation for her discontinuing those medications, the ALJ's credibility analysis relied on his conclusion that if C.M.'s "symptoms were significantly disabling, medication would be used in an attempt to improve concentration" (R. at 18). The ALJ's reasoning is not only unsupported by the record, but it also appears that the ALJ "substitute[d] his own judgment for competent medical opinion." Balsamo v. Chater, 142 F.3d 75, 81 (2d Cir. 1998) (internal citations omitted); see Goldthrite v. Astrue, 535 F.Supp.2d 329, 335, 338 (W.D.N.Y. 2008) (finding the ALJ egregiously "second-guessed" the Plaintiff's doctor where he found Plaintiff less credible because he disagreed with her doctor's prescription of medications and recommendation to use a cane); see also Lugo v. Barnhart, 2008 WL 515927 (S.D.N.Y. Feb. 8, 2008) (finding that the ALJ appeared to have "usurped to the role of doctors in proffering expert opinions" where he relied upon the absence of particular treatments). Therefore, the Court also concludes that the ALJ improperly substituted his own opinion for medical opinion.

Finally, the Court also recommends remand because in addition to his improper conclusion about C.M.'s lack of medication, the ALJ failed to offer specific reasons for finding the Plaintiff not credible. The regulations clearly state that an ALJ's "decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p, 1996 WL 374186, at *2. In this case, review of the record reveals a function report completed by Ms. Raynor in which she sets forth that C.M. suffers from a variety of symptoms, such as an impaired ability to

make friends with children her own age and an inability to initiate and complete daily personal care without prompting (R. at 50-59). Notably, Arnel B. Hechanova, M.D., C.M.'s pediatrician, opined that C.M. needed "supervision [with] daily activities," which appears to support at least some of Ms. Raynor's representations (R. at 85).[7] However, the ALJ's credibility analysis does not discuss these or any other alleged symptoms (R. at 18). Instead, the ALJ's credibility analysis briefly summarizes Ms. Raynor's and C.M.'s testimony from the hearing (R. at 18). The ALJ's credibility analysis is so spare that it is unclear to this Court exactly what alleged symptoms the ALJ has considered and rejected. SSR 96-7p, 1996 WL 374186, at *2; McCarty v. Astrue, 2008 WL 3884357, at *9 (N.D.N.Y. Aug. 18, 2008) (requiring the ALJ to assess credibility with sufficient specificity to enable the Court to decide whether the determination was supported by substantial evidence).

Therefore, on remand, the Court recommends that the ALJ properly consider C.M.'s explanation for discontinuing ADHD medications while refraining from improperly substituting his own opinion for that of medical professionals, and that he offer specific reasons for his findings on credibility.

### b.  The ALJ Must Reconsider C.M.'s Functional Equivalence

Plaintiff argues that substantial evidence does not support the ALJ's conclusions that C.M. has a less than marked limitation in the domains of acquiring and using information and attending and completing tasks. Plaintiff's Brief, pp. 2-5. Defendant argues that substantial evidence supports the ALJ's conclusions. Defendant's Brief, pp.

---

[7] The Court notes that the ALJ did not weigh Dr. Hechanova's opinions or any of the medical opinions in this record. Although Plaintiff has not objected to this failure, the Court recommends on remand the ALJ also weigh the medical opinions under the proper regulations. See 20 C.F.R. § 416.926(d)(2) ("[W]e will evaluate every medical opinion we receive.").

8-10. Because the Court has already concluded that the ALJ erred in his credibility analysis, his functional equivalence assessment is necessarily flawed, and must be reconsidered on remand. See 20 C.F.R. §§ 416.929(d)(1)-(4) (explaining that the ALJ will consider a claimant's credible symptoms at each step in the sequential evaluation).

### IV.    Conclusion

After carefully examining the administrative record, the Court finds the Commissioner's decision is not determined in accordance with the applicable law because the ALJ failed to properly consider the Plaintiff's credibility and failed to offer sufficiently specific reasons for his credibility determination.

Based on the foregoing, it is respectfully recommended that the Commissioner's decision denying disability benefits be REMANDED for further proceedings in accordance with this recommendation and pursuant to sentence four of 42 U.S.C. Section 405(g).

Respectfully submitted,

Victor E. Bianchini
United States Magistrate Judge

DATED: May 27, 2010
Syracuse, New York

### Orders

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** Thomas v. Arn, 474 U.S. 140 (1985); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir.1989); Wesolek v. Canadair Ltd., 838 F.2d 55 (2d Cir.1988).

**SO ORDERED**.

_____
Victor E. Bianchini
United States Magistrate Judge

DATED: May 27, 2010
Syracuse, New York