UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**SHERRY RAYNOR, on behalf of CM,**

                    **Plaintiff,**

                v.                              **1:09-CV-227
(FJS/VEB)**

**MICHAEL J. ASTRUE, Commissioner,
Social Security Administration,**

                    **Defendant.**
_____

**APPEARANCES**                                    **OF COUNSEL**

**OFFICE OF PETER M. MARGOLIUS**      **PETER M. MARGOLIUS, ESQ.**
7 Howard Street
Catskill, New York 12414
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**    **MICHELLE L. CHRIST, ESQ.**
**OFFICE OF REGIONAL GENERAL
COUNSEL - REGION II**
26 Federal Plaza - Room 3904
New York, New York 10278
Attorneys for Defendant

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Plaintiff brought this action pursuant to the Social Security Act ("the Act"), 42 U.S.C. §§ 405 (g), 1383(c)(3), seeking review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for her child's Supplemental Security Income ("SSI"). Specifically, Plaintiff alleged that the decision of the Administrative Law Judge ("ALJ") denying her application for SSI for her child was not supported by substantial evidence and was contrary

to the applicable legal standards.

On May 27, 2010, Magistrate Judge Bianchini issued a Report and Recommendation in which he recommended that the Court remand this matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) because the ALJ had not applied the proper legal standards in evaluating Plaintiff's and her daughter's credibility and because he had not provided a sufficient rationale for his credibility determination.  *See* Dkt. No. 16 at 9.  Currently before the Court are Defendant's objections to Magistrate Judge Bianchini's recommendation.  *See* Dkt. No. 17.

## II. BACKGROUND

On July 7, 2006, Plaintiff filed an application for SSI on behalf of C.M. claiming disability since May 24, 1996, because of attention deficit hyperactivity disorder ("ADHD"), learning disabilities, and speech delay.  *See* Administrative Record ("AR") at 30, 60-62, 64.  The Commissioner initially denied her application on September 21, 2006.  *See id.* at 26-30.  Plaintiff filed a timely request for a hearing on November 7, 2006.  *See id.* at 33.

On May 28, 2008, Plaintiff, C.M., and a paralegal appeared before the ALJ.  *See id.* at 123-49. The ALJ considered the case *de novo* and, on June 23, 2008, issued a decision finding that C.M. was not disabled.  *See id.* at 10-23.  The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review on January 28, 2009.  *See id.* at 3-6.  On February 25, 2009, Plaintiff filed this action, seeking judicial review of the Commissioner's disability determination.

## III. DISCUSSION

**A.    Legal standard**

When reviewing the Commissioner's final decision, the court must determine whether the Commissioner applied the correct legal standards and whether substantial evidence supports the decision. *See Urtz v. Callahan*, 965 F. Supp. 324, 326 (N.D.N.Y. 1997) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)). Although the Commissioner is ultimately responsible for determining a claimant's eligibility for benefits, an ALJ makes the actual disability determination; and that decision is subject to judicial review on appeal. A court may not affirm an ALJ's decision if it reasonably doubts that the ALJ applied the proper legal standards, even if it appears that there is substantial evidence to support the ALJ's decision. *See id.* (citing [*Johnson*, 817 F.2d] at 986). Additionally, the ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision. *See Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984) (citation omitted).

When a party makes specific objections to a magistrate judge's report, the district court engages in *de novo* review of the issues raised in those objections. *See Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (citation omitted). When a party fails to make specific objections, however, the court reviews the magistrate judge's report for clear error. *See id.* at 306 (citation omitted); *see also Gamble v. Barnhart*, No. 02CV1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004) (citations omitted).

**B.     The ALJ's credibility analysis**

Magistrate Judge Bianchini recommended that this Court find that the ALJ erred in assessing Plaintiff's and C.M.'s credibility. *See* Dkt. No. 16 at 6. Magistrate Judge Bianchini found error in the fact that the ALJ repeatedly referenced the fact that C.M. was not taking medication to alleviate the symptoms of her ADHD or receiving counseling. *See id.* As such, Magistrate Judge Bianchini concluded that the ALJ failed properly to consider why C.M. discontinued her medication. *See id.* Defendant argues that the ALJ was correct in noting that C.M.'s failure to take medication belied her and Plaintiff's claims of substantial limitations. *See* Dkt. No. 17 at 2-3.

"'An [ALJ], may properly reject [subjective complaints] after weighing the objective medical evidence in the record, the claimant's demeanor, and other indicia of credibility, but must set forth his or her reasons "with sufficient specificity to enable us to decide whether the determination is supported by substantial evidence."'" *Lewis v. Apfel*, 62 F. Supp. 2d 648, 651 (N.D.N.Y. 1999) (quotation omitted).

To satisfy the substantial evidence rules, the ALJ's credibility assessment must be based on a two-step analysis of the pertinent evidence in the record. *See* 20 C.F.R. § 404.1529; *see also Foster v. Callahan*, Civ. No. 96-CV-1858, 1998 WL 106231, *5 (N.D.N.Y. Mar. 3, 1998). First, the ALJ must determine, based upon the claimant's objective medical evidence, whether the medical impairments "could reasonably be expected to produce the pain or other symptoms alleged[.]" 20 C.F.R. § 404.1529(a). Second, if the medical evidence alone establishes the existence of such impairments, then the ALJ need only evaluate the intensity, persistence, and limiting effects of a claimant's symptoms to determine the extent to which they limit the

claimant's capacity to work. *See* 20 C.F.R. § 404.1529(c). When the objective evidence alone does not substantiate the intensity, persistence, or limiting effects of the claimant's symptoms, the ALJ must assess the credibility of the claimant's subjective complaints by considering the record in light of the following symptom-related factors: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of any medication the claimant takes or has taken to relieve pain or other symptoms; (5) other treatment that the claimant receives or has received to relieve pain or other symptoms; (6) any measures that the claimant takes or has taken to relieve pain or other symptoms; and (7) any other factors concerning claimant's functional limitations and restrictions due to pain or other symptoms. *See* 20 C.F.R. § 404.1529(c)(3). An ALJ's evaluation of a claimant's credibility is entitled to great deference if there is substantial evidence to support it. *See Murphy v. Barnhart*, No. 00Civ.9621, 2003 WL 470572, *10 (S.D.N.Y. Jan. 21, 2003) (citations omitted).

In the present matter, the ALJ found Plaintiff and C.M. "not entirely credible." *See* AR at 18. In reaching his credibility determination, the ALJ frequently referenced C.M.'s lack of medication. *See id.* at 18, 20, 23. For example, the ALJ noted that "[t]he claimant's mother acknowledged that her daughter receives no medication [or] counseling. Although the record documents that the claimant has been diagnosed with [ADHD], no medication is being used. Seemingly, if the claimant's symptoms were significantly disabling, medication would be used in an attempt to improve concentration." *See id.* at 18.

Contrary to Defendant's assertions, Magistrate Judge Bianchini correctly determined that the ALJ failed to consider adequately C.M.'s use of medication and her explanation for

discontinuing it in assessing Plaintiff's and C.M.'s credibility. *See Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements*, SSR 96-7p, 1996 WL 374186, *7 (July 2, 1996) (hereafter "SSR 96-7p"). The Commissioner has explained that an ALJ "must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide[.]" *Id.* Further, the Commissioner has provided that "explanations provided by the individual may provide insight into the individual's credibility. For example: . . . [t]he individual may not take prescription medication because the side effects are less tolerable than the symptoms." *Id.* at *8. Further, in *Green-Younger v. Barnhart*, 335 F.3d 99 (2d Cir. 2003), the Second Circuit held that the fact that the plaintiff was only taking one medication for pain was not a factor undermining her credibility and noted that the record showed that she reduced her medications not because her pain decreased but because the medications were ineffective. *See id.* at 108-09.

Finally, Magistrate Judge Bianchini correctly determined that remand is also appropriate because the ALJ failed to offer specific reasons for finding Plaintiff not credible. *See* Dkt. No. 16 at 7. Magistrate Judge Bianchini correctly concluded that Plaintiff's testimony regarding C.M.'s symptoms and requirements was at least partially corroborated by other evidence in the record. *See* AR at 18, 50-59, 85. Furthermore, the ALJ's credibility analysis is so sparse that it is unclear exactly what symptoms he considered and rejected. *See McCarty v. Astrue*, No. 5:05-CV-953, 2008 WL 3884357, *9 (N.D.N.Y. Aug. 18, 2008) (holding that "'[a]n [ALJ] may properly reject [subjective complaints] after weighing the objective medical evidence in the record, the claimant's demeanor, and other indicia of credibility, but must set forth his or her

reasons "with sufficient specificity to enable us to decide whether the determination is supported by substantial evidence""" (quotation omitted)).

Based on the foregoing, the Court finds that Magistrate Judge Bianchini did not err in concluding that the ALJ failed to apply the proper legal standards in determining Plaintiff's credibility and failed to provide a sufficient rationale for his credibility finding.[1]

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, Magistrate Judge Bianchini's Report and Recommendation, Defendant's objections, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Bianchini's May 27, 2010 Report and Recommendation is **ACCEPTED in its entirety** for the reasons stated therein; and the Court further

**ORDERS** that the Commissioner's decision is **REVERSED** and this matter is **REMANDED** to the Commissioner, pursuant to sentence four of 42 U.S.C.

---

[1] The Court also notes that Magistrate Judge Bianchini correctly found that "[b]ecause the Court has already concluded that the ALJ erred in his credibility analysis, his functional equivalence assessment is necessarily flawed, and must be reconsidered on remand." *See* Dkt. No. 16 at 9 (citing 20 C.F.R. §§ 416.929(d)(1)-(4)).

§ 405(g),[2] for further proceedings consistent with Magistrate Judge Bianchini's Report and Recommendation; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Plaintiff and close this case.

**IT IS SO ORDERED.**

Dated: October 7, 2011
       Syracuse, New York

                                    Frederick J. Scullin, Jr.
                                    Senior United States District Court Judge

---

[2] Sentence four of § 405(g) provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).